UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Case Number: 14-22924-CIV-MORENO

ERIKA YOUNG,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

## ORDER DENYING MOTION TO DISMISS

This cause came before the Court upon Defendant Carnival Corporation's motion to dismiss Plaintiff Erika Young's complaint for failure to state a claim in accordance with FED. R. CIV. P. 12(b). Ms. Young claims that she was injured when she slipped and fell aboard Carnival's cruise line, and she seeks relief for her injuries based on several related negligence theories. Carnival moved to dismiss Ms. Young's complaint for failure to plead the breach and causation elements of her claim.

The Court has considered the motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is adjudged that Carnival's motion is denied because Ms. Young's complaint states a plausible claim for negligence. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). The Court looks to federal maritime law to determine whether Ms. Young's allegations are sufficient to support her claim. *See Norfolk Shipbuilding & Drydock Corp. v. Garris*, 532 U.S. 811, 820 (2001). Ms. Young must allege that: 1) Carnival had a duty to protect her from a particular injury; 2) Carnival breached that duty; 3) the breach actually and proximately caused Ms. Young's injury; and 4) Ms. Young suffered actual harm. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). Accepting her

allegations as true, Ms. Young pleads sufficient facts to state a prima facie claim for negligence. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Ms. Young alleges that she slipped and fell on a "wet and slippery foreign substance" while traveling on Carnival's cruise line, and that she suffered a number of injuries as a result. D.E. 1 at ¶¶ 8, 16. Carnival believes that these allegations are insufficient to support a claim for negligence because she failed to identify the slippery substance on the floor of Carnival's ship and illustrate precisely how the slippery substance caused her to fall. D.E. 4 at 3. While the Court expects that Ms. Young will illustrate the incident in graphic detail at trial, she is not required to provide a comprehensive play-by-play of her slip and fall within her "short and plain statement of the claim." *See* FED. R. CIV. P. 8(a)(2); *Prokopenko v. Royal Caribbean Cruises Ltd.*, No. 10-20068-CIV, 2010 WL 1524546, at *2 (S.D. Fla. Apr. 15, 2010).

With regard to the "breach" element of her claim, the Court recognizes that Carnival is not liable to Ms. Young solely because she was injured on its cruise ship. *E.g. Luby v. Carnival Cruise Lines, Inc.*, 633 F. Supp. 40, 41 (S.D. Fla. 1986). This principle, however, does not abrogate Carnival's duty to maintain reasonably safe premises for its passengers and to warn them of known hidden dangers. *See Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 632 (1959) ("[T]he owner of a ship in navigable waters owes to all who are on board for purposes not inimical to his legitimate interests the duty of exercising reasonable care under the circumstances of each case."); *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1224, 1336 (11th Cir. 1984). According to Ms. Young's complaint, Carnival breached its duty of care towards its passengers by failing to properly maintain its floor and failing to warn Ms. Young of a slippery substance on its floor (of which Carnival had actual or constructive knowledge). Carnival's breach caused Ms. Young to slip on that substance, and she now seeks relief for the

-3-

resulting injuries. These allegations constitute a prima facie negligence claim in accordance with *Chaparro*, 693 F.3d at 1336.

DONE AND ORDERED in Chambers at Miami, Florida, this 29th day of October, 2014.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record